UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
JESSE PERRY,　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　Plaintiff,　　　　　　　　　　:　　**MEMORANDUM AND ORDER**
　　　　　　　　　　　　　　　　　　　　　　:
　　-against-　　　　　　　　　　　　　　　　:　　02 Civ. 7566 (LBS)
　　　　　　　　　　　　　　　　　　　　　　:
STATE OF NEW YORK DEPARTMENT　　:
OF LABOR, MARK ABRAMSKY, SARA　　:
SPATZ, and J. WAYNE DESSINGUE,　　　:
　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　Defendants.　　　　　　　　　:

------------------------------------------------------x

SAND, District Judge.

Plaintiff Jesse Perry brings this suit pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq., alleging that he was subject to race discrimination and retaliatory discharge. Defendant has moved for summary judgment.

As to the race discrimination charge, defendant argues that plaintiff cannot establish a *prima facie* case of discrimination[1] because even plaintiff concedes that his job performance was unsatisfactory. However, plaintiff contends that the reason he was not able to perform his job adequately is that his supervisor discriminatorily refused to train him because of his race. It would be circular to dismiss a plaintiff's discrimination case because he cannot show that he performed his job satisfactorily if the reason his job performance was substandard was that he was denied the necessary training because of his race. Furthermore, because in this case it seems impossible to disentangle the issue of

---

[1] In order to present a *prima facie* case of discrimination in a case of employment termination, a plaintiff must show that (i) he is a member of a protected class; (ii) his job performance was satisfactory; and (iii) he was discharged under circumstances suggesting that his status as a member of a protected class was a factor. Song v. Ives Laboratories, Inc., 957 F.2d 1014, 1045 (2d Cir. 1992).

plaintiff's unsatisfactory job performance from the issue of whether race was a factor in plaintiff's discharge, this Court holds that there are genuine issues of material fact which require a trial.

Secondly, plaintiff has alleged that only hours after explaining the "conditions of [his] work environment" to the Associate Personnel Administrator and informing that Administrator that plaintiff was leaving the worksite to obtain an order of protection from the police, plaintiff was issued a letter of termination (Mem. Opp'n. Summ. J. 15). While it is unclear from plaintiff's submissions if plaintiff told the Administrator that the "severe and hostile" conditions motivating him to request an order of protection were due to race discrimination (see id. at 15), because the court must "resolve all ambiguities . . . in favor of the party defending against the motion" and also should extend "special latitude on summary judgment motions" to *pro se* plaintiffs, this Court declines to grant summary judgment on the issue of retaliatory discharge. Reyes v. Koehler, 815 F. Supp. 109, 112 (S.D.N.Y. 1993) (citations omitted).

The parties are to advise the Court in writing within twenty days of the earliest date on which they will be ready for trial and of the anticipated length of the trial.

SO ORDERED.

Dated: New York, New York
October __, 2005

_____
U.S.D.J.